UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID L. WELTON,

        Plaintiff,                              Civil No.  06-281-HA

        v.                                      ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

        Plaintiff brings this action purporting to seek judicial review of decisions of the Commissioner of the Social Security Administration denying his applications for Social Security disability insurance benefits (DIB) and for Supplemental Security Income (SSI) benefits.

        The Commissioner moves to dismiss on grounds that this court lacks jurisdiction because plaintiff failed to complete the administrative review process that is required before judicial review is permissible.  The Commissioner's Motion to Dismiss for Lack of Jurisdiction [9] is well-taken and is granted.

## ADMINISTRATIVE HISTORY

1 -- ORDER

For the purposes of this litigation, this court need only briefly review the applications plaintiff initiated. On December 17, 2004, plaintiff filed concurrent applications for DIB and SSI benefits. Plaintiff's applications were denied because he did not meet the insured status requirements for either kind of benefits. Plaintiff did not appeal these decisions. Social Security records show no further claim activity. *See* Declaration of Errol B. Sperling, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Hearings and Appeals.

It is undisputed that plaintiff did not exhaust his administrative remedies regarding his claims. Section 405(g) of the Social Security Act provides that a civil action may be brought *only* after: 1) the claimant has been party to a hearing held by the Secretary; and 2) the Commissioner has made a final decision on the claim. 42 U.S.C. § 405(g) (emphasis provided). Before a hearing is conducted, a claimant must: 1) present a claim to the Commissioner and obtain an initial determination; 2) seek reconsideration; and 3) after reconsideration, request a hearing before an administrative law judge. The decision made following the hearing becomes final and subject to judicial review if the claimant requests review by the Appeals Council and the Appeals Council denies review. *See* 20 C.F.R. § 422.210. If the Appeals Council grants review then, of course, the decision of the Appeals Council is final and subject to judicial review. *See id.*

Plaintiff offered no response to defendant's assertion that federal jurisdiction is lacking. Instead, he indicated that he was willing to withdraw his case upon receipt of a check in the amount of $385.00 to settle an underpayment on his mother's account. *See* Plaintiff's Pretrial

Memorandum at 2. Counsel for defendant has represented that this payment was being issued to plaintiff.

Regardless of the status of that alleged underpayment, however, this case must be dismissed for lack of jurisdiction. There is no dispute that plaintiff failed to seek reconsideration of the denials of his initial applications and has not reapplied for benefits. Accordingly, this Court does not have subject matter jurisdiction to review his claim. *See Bass v. Social Security Administration*, 872 F.2d 832, 833 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss for Lack of Jurisdiction [9] is granted. This matter is DISMISSED.

IT IS SO ORDERED.

DATED this  16   day of February, 2007.

                    /s/ Ancer L. Haggerty                
                        Ancer L. Haggerty
                     United States District Judge

3 -- ORDER